E-FILED
Thursday, 08 September, 2016  08:36:05 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TIFFANY MEYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 15-cv-3313 |
| | ) | |
| ST. JOHN'S HOSPITAL OF THE | ) | |
| HOSPITAL SISTERS OF THE THIRD | ) | |
| ORDER OF ST. FRANCIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Before the Court is Plaintiff's Motion to Compel (d/e 16) and

Defendant's Response in Opposition to Plaintiff's Motion to Compel

(d/e 17).  For the reasons stated below, Plaintiff's Motion to Compel is

denied for the reasons set forth below.

Also before the Court is Plaintiff's Motion for Protective Order (d/e 18)

which will be addressed below.

### BACKGROUND

Tiffany Meyer (Plaintiff) uses a wheelchair and crutches.  She worked

for St. John's Hospital of the Hospital Sisters of the Third Order of St.

Francis (Defendant) as a dietician for approximately four years.  Plaintiff

alleges that in late June or July of 2014, Defendant announced it was

relocating Plaintiff's work station which would require her to work almost exclusively on the patient floors.  Plaintiff alleges she voiced concerns that her new work station would not accommodate her wheelchair and asked for accommodation to let her continue to work where she had prior to the transfer of her work station.  Plaintiff alleges that within days after her accommodation request, her employment was terminated (d/e 16, pgs 1, 2).

This matter resulted in the Plaintiff filing a disability discrimination action against the Defendant asserting, among other things, that it refused to provide her reasonable accommodations for her disability and retaliated against her in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12112(b)(1), 12112(b)(5)(A), and 12203(a).

## PLAINTIFF'S MOTION TO COMPEL

The Defendant provided the Plaintiff with initial disclosures as required by Rule 26 of the Federal Rules of Civil Procedure.  In compliance with Rule 26(a)(1)(A)(ii) concerning documents, the Defendant submitted to the Plaintiff the following disclosure:

> St. John's identifies the following categories of non-privileged documents, electronically- stored information, and tangible things that are in its possession, custody, or control that St. John's may use to support its defenses, unless solely for impeachment. Relevant documents will be made

available for inspection and copying upon entry of an
Agreed Protective Order.

  1. Documents relating to Plaintiff's job
performance, employment, and termination;

  2. Documents relating to Plaintiff s personnel
records, medical records, and payroll records; and

  3. St. John's Colleague Handbook and other
Human Resources policies.

  St. John's also reserves the right to use any
documents in Plaintiff's possession,  custody, and control
and documents in the possession, custody, and control of
third parties to support its
defenses.

After receiving Defendant's Rule 26 disclosure, the Plaintiff

propounded and served the following requests to produce to the

Defendant, and the Defendant responded to the requests as set forth

below:

  I. Produce each document described in or
encompassed by defendant's Rule 26 disclosure dated
March 25, 2016, including all of the following:

  a. Document(s) relating to Plaintiff's job
performance, employment and termination;

  b. Documents relating to Plaintiff s personnel
records, medical records and payroll records; and

  c. St. John's Colleague Handbook and other
Human Resource policies.

RESPONSE:
Defendant objects to this request on the grounds that it is vague in its failure to define the terms "encompassed by" and "relating to" and overly broad in terms of scope and time. Without waiving or prejudicing these objections in whole or in part, see documents, herein numbered St. John's 1-252. Defendant's investigation and discovery continues, and Defendant will supplement this Response accordingly.

Prior to making the specific response set forth above, the Defendant also asserted an objection to the document request to the extent that the Plaintiff sought privileged information subject to attorney client work product and/or other applicable legal privileges (d/e 16-1, pg 1).

Plaintiff then filed a Motion to Compel (d/e 16) on Tuesday, July 5, 2016, and requested that the Court order the Defendant to produce each document described in, or encompassed by, its Rule 26 disclosure set forth above. The Plaintiff argues that the breadth of the request is no greater than the scope of the documents identified under Rule 26(a)(1)(A)(ii) and no broader than the contours of that Rule. Defendant has filed a Response in Opposition (d/e 17) to the Motion to Compel.

The Plaintiff misapprehends the application of Rule 26(a)(1)(A)(ii) which provides that the party in its Rule 26 disclosure must provide to the other party the following:

(ii) a copy- or a description by category and location – of all documents, electronically stored information, and tangible

things that the disclosing party has in its possession,
custody, or control and may use to support its claims or
defenses, unless the use would be solely for impeachment;

The plain language of the Rule gives the party making the Rule 26

disclosure the option of producing a copy of a document or tangible thing or

describing it by category.  Defendant here chose to describe the document

by category.  In Plaintiff's counsel's letter sent to defense counsel (d/e 17-

4, pg 1), which Plaintiff's counsel characterizes as a "good faith attempt to

resolve these issues", Plaintiff's counsel makes the following statement:

You [sic] response was subject to general objections and
other objections included in your response.  Rule 26 does
not permit objections, and since we asked for documents
your client identified in its Rule 26(a) disclosures, your
objections are indefensible and must be withdrawn.

Plaintiff's counsel is wrong.

In describing the effect of the language permitting disclosure, rather

than producing a copy of documents, the 1993 Committee Notes to Rule 26

provide as follows:

Unlike subparagraphs (C) and (D), subparagraph (B) does
not require production of any documents.  Of course, in
cases involving few documents a disclosing party may
prefer to provide copies of the documents rather than
describe them, and the rule is written to afford this option to
the disclosing party. If, as will be more typical, only the
description is provided, the other parties are expected to
obtain the documents desired by proceeding under Rule 34
or through informal requests.  The disclosing party does not,
by describing documents under subparagraph (B), waive its

right to object to production on the basis of privilege or work product protection, or to assert that the documents are not sufficiently relevant to justify the burden or expense of production.[1]

The Defendant's Rule 26 disclosure set forth above specifically states that the categories of documents pertain only to non-privileged documents and relevant documentation as contemplated by Rule 26.  The disclosing party does not waive these reservations when choosing to describe only a category of document.  The Defendant's objections of overbreadth in terms and scope in time are well taken.  As noted above, the Plaintiff was only employed by Defendant for four years.  Consequently, Plaintiff's job performance, employment, and termination records would have been created during that four-year period.  Presumably, the personnel and payroll records of Plaintiff would be for the same time.  The Defendant may have medical records of the Plaintiff during the relevant period.  However, the Defendant may have medical records of the Plaintiff which encompass periods prior to Plaintiff's employment or after the Plaintiff's termination. These records would not appear to be relevant.  Likewise, the Plaintiff's request for St. John's Colleague Handbook and other Human Resource policies, without limiting those documents to portions of the records which may be used to support the Defendant's defenses, is overly broad.

---

[1] At the time of the 1993 Amendments, the language now in Rule 26(a)(1)(A)(ii) was found in Rule 26(a)(1)(B).

Plaintiff sought to simply plug in the description of categories of documents described in the Defendant's Rule 26 disclosures, rather than attempt to draft a Rule 34 request for production which asks only for relevant non-privileged documents.  Rather than go through the process of having the Plaintiff reformulate her requests to produce, the Court orders the Defendant to produce, if the documents are not already produced in the documents previously produced by the Defendant, the following:

1)      Plaintiff's job performance, employment, and termination records for the period during which Plaintiff was employed by the Defendant;

2)      Plaintiff's personnel records, medical records, and payroll records during the time the Plaintiff was employed by the Defendant; and,

3)      Any portion of the St. John's Colleague Handbook and other Human Resource policies which may support the defenses asserted by the Defendant in this case.

In the event that materials are withheld from discovery based upon attorney client privilege, the party withholding those documents must provide the other party with a privilege log which shows the following:

1)      The privilege asserted;

2)      A general description of the document by type  (e.g. letter,

memorandum, report);

3)      The date of the document;

4)      A general description of the subject matter of the document;

5)      The name and job title of the author or originator of the
document; and,

6)      The name of the person who received a copy of the document
and their affiliation with the Defendant.

PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

On Tuesday, August 30, 2016, the Plaintiff filed a Motion for
Protective Order (d/e 18).  The Motion indicates that the parties have been
unable to agree to the terms of a protective order which both the Plaintiff
and Defendant agree is necessary to complete initial disclosures and
discovery in this case.  Defendant may file a response to Plaintiff's Motion
for Protective Order on or before September 16, 2016.  Pursuant to Local
Rule 7.1(B)(2), if no response is timely filed, the Court will presume there is
no opposition to the Motion and may rule without further notice to the
parties.

Plaintiff requests a hearing by telephone on her motion to expedite
discovery.

The Court has reviewed the Scheduling Order entered by the Court on March 4, 2016 (d/e 14).  That Scheduling Order set a telephonic conference hearing to discuss setting of a settlement conference or mediation on September 19, 2016 at 10:00 a.m.  The Court notes that the parties have until February 13, 2017 to complete all discovery in this case. The Court also notes that the dispositive motion deadline under the current Scheduling Order  is April 13, 2017.  Due to the remaining period of time to complete discovery, the Court determines that it is unnecessary to hold the telephonic status hearing to discuss setting of a settlement conference or mediation.   Consequently, the Court continues the conference to discuss settlement or mediation, set on September 19, 2016 at 10:00 a.m. until Friday, February 17, 2017, at 10:00 a.m. (Court will place call).  The Court sets a telephonic hearing on Plaintiff's Motion for Protective Order (d/e 18) at 10:00 a.m. on Monday, September 19, 2016, which was the same date set forth in the Scheduling Order for the status hearing to discuss settlement or mediation which has been rescheduled as stated above.  The Court will place the call.  If the parties notify the Court that they have agreed on the language of a protective order and forward the agreed protective order to the Court prior to the hearing on September 19, 2016, the Court will cancel the hearing.  If the parties do not agree on a protective

order, they shall provide the specific provisions of the protective order on which they do not agree and proposed language suggested by each party on or before the close of business on September 15, 2016.

THEREFORE, IT IS ORDERED:

A.    Plaintiff's Motion to Compel (d/e 16) is DENIED, however, the Court orders Defendant to produce documents as set forth above and to also prepare a privilege log in the event that materials are withheld from discovery based upon privilege;

B.    Defendant may file a response to Plaintiff's Motion for Protective Order (d/e 18) on or before September 16, 2016;  telephonic hearing on Plaintiff's Motion for Protective Order is set Monday, September 19, 2016, at 10:00 a.m. (Court to place call); and,

C.    Telephonic hearing is set Friday, February 17, 2017, at 10:00 a.m. (Court will place call), to discuss status of case and possibility of scheduling a settlement conference or mediation.

ENTERED:   September 8, 2016

___s/ Tom Schanzle-Haskins_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE