**E-FILED**
Wednesday, 21 December, 2016  03:48:21 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| TIFFANY MEYER, f/k/a | ) | |
| TIFFANY CAVORETTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-cv-3313 |
| | ) | |
| ST. JOHN'S HOSPITAL | ) | |
| OF THE HOSPITAL SISTERS | ) | |
| OF THE THIRD ORDER | ) | |
| OF ST. FRANCIS, | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION</u>

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Tiffany Meyer's Motion to Strike Defendant's Objections and Second Motion to Compel Answers to Her First Interrogatories and Second Request for Production of Documents (d/e 30) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

<u>BACKGROUND</u>

Tiffany Meyer (Meyer) uses a wheelchair and crutches. She worked for Defendant St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis (St. John's) as a dietician for approximately four years. Meyer alleges that in late June or July of 2014, St. John's announced it was

Page **1** of **20**

relocating Meyer's work station which would require her to work almost exclusively on the patient floors.  Meyer alleges she voiced concerns that her new work station would not accommodate her wheelchair and asked for accommodation to let her continue to work where she had prior to the transfer of her work station.  Meyer alleges that within days after her accommodation request, her employment was terminated.  See Complaint (d/e 1), ¶¶ 18-20.

This matter resulted in Meyer filing a disability discrimination action against St. John's asserting, among other things, that it refused to provide her reasonable accommodations for her disability and retaliated against her in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12112(b)(1), 12112(b)(5)(A), and 12203(a).

On April 20, 2016, Meyer served on St. John's her First Set of Interrogatories (Interrogatories) and her Second Request for Production of Documents (Document Requests) (collectively the Discovery).  The parties agreed to several extensions of time for St. John's to respond to the Discovery.  The last agreed extension required St. John's to respond by July 29, 2016.  St. John's responded to the Discovery on August 24, 2016. St. John's states that it delayed in producing its response to the Discovery because its Human Resource Manager left and St. John's counsel had a

death in the family.  Defendant's Response in Opposition to Plaintiff's Motion to Strike Objections and Second Request for the Production of Documents (d/e 32) (St. John's Response), at 4.

On September 26, 2016, the Court entered an Agreed Protective Order (d/e 26).

Counsel for Meyer and St. John's discussed the response to the Discovery.  St. John's supplemented its response to the Discovery on October 28, 2016, and supplemented its response to the Document Request a second time on November 22, 2016.  The parties have conferred but have not resolved all of their disputes regarding St. John's response to the Discovery.

## ANALYSIS

Meyer asks the Court to strike all of St. John's objections to the Discovery because the response was late.  Objections to interrogatories and requests to produce must be timely filed or are waived unless the Court for good cause excuses the failure.  See Fed. R. Civ. P. 33(b)(4). The Court finds that sufficient cause exists not to waive all of St. John's objections in this case.  The Court, however, admonishes the parties to respond to discovery in a timely fashion hereafter.

The Court addresses the remaining unresolved disputes over St.

John's responses to the Discovery as follows:

INTERROGATORY 12 AND DOCUMENT REQUEST 21

Interrogatory 12

Interrogatory 12 asked the following:

Were salary raises available to a Clinical Dietitian II
employee in Springfield, IL from July 8, 2014 through the
present?  If yes, include in your answer each time raises
occurred, the date the raises went into effect each time, the
potential percentage range of the raise each time, and all
factors considered in giving a raise such as merit, cost of living,
or length of time since the last raise.

Motion, Exhibit 1, Defendant's Answers to Plaintiff's First Set of

Interrogatories, at 7.  St. John's responded:

 ANSWER:

Defendant objects to this interrogatory on the grounds
that it seeks information that is irrelevant, immaterial, and not
reasonably calculated to lead to the production of admissible
evidence.  Without waiving or prejudicing these objections in
whole or in part, records showing raises Plaintiff received
during her employment were previously produced and
numbered St. John's 15, 17, 19 , 21, 40, 42, and 43.

Id.  St. John's did not supplement this answer in its October 28, 2016

supplemental response to the Interrogatories.  See Additional Exhibit to

Motion (d/e 31), Defendant's Supplemental Answers to Plaintiff's First Set

of Interrogatories (Supplemental Interrogatory Response).  St. John's

subsequently informed Meyer that:

> Registered Dieticians were eligible for October 2014 Merit
> Increases based on individual performance review; October
> 2015 Merit Increases based on individual performance review;
> December 2015 Salary Alignment Adjustment and October
> 2016 Merit Increases based on individual performance review.
> Merit Increases for 2015 and 2016 were 3%.

St. John's Response, at 4-5.  St. John's further agreed "to provide the

specific raise amount for the December 2015 Salary Alignment and any

2016 Salary Alignment increases once we had that information."  Id., at 5.

St. John's relevance objection is overruled.  The salary increases for

dieticians after Meyer's termination is relevant for discovery purposes to the

issue of damages in the form of lost wages.  See Fed. R. Civ. P. 26(b).  St.

John's provided a partial response.  St. John's must complete the

response.  St. John's is directed to provide "the specific raise amount for

the December 2015 Salary Alignment and any 2016 Salary Alignment

increases" by January 8, 2017.

### Document Request 21

Document Request 21 stated:

> 21. Produce documents that state the benefits,
> compensation range, and salary raises available to the Clinical
> Dietician II position at the St. John's Springfield, IL location from
> January 1, 2013 through the present.

Motion, Exhibit 2, Defendant's Response to Plaintiff's Second Request for

Production of Documents (Document Response), at 10.  St. John's

responded:

> **RESPONSE:**
>
> Defendant objects to this request as unduly vague in its failure
> to define "applicable." Defendant further objects to this request
> on the grounds that it seeks information that is irrelevant,
> immaterial, and not reasonably calculated to lead to the
> production of admissible evidence. Without waiving or
> prejudicing these objections in whole or in part, see documents
> regarding raises Plaintiff received during her employment and
> available employee benefits which were produced previously,
> numbered St. John's 15, 17, 19 , 21, 40, 42, 43 and 253-302.

Id.  St. John's supplemental response substantially repeated the original

response and added the following:

> Answering further, Plaintiff received a raise effective April 20,
> 2014. Registered Dieticians were eligible for October 2014
> Merit Increases based on individual performance review;
> October 2015 Merit Increases based on individual performance
> review; December 2015 Salary Alignment Adjustment; and
> October 2016 Merit Increases based on individual performance
> review. Defendant has not located any responsive documents.
> Investigation continues.

Motion, Exhibit 6, Defendant's Second Supplemental Response to

Plaintiff's Second Request for Production of Documents (Second

Supplemental Document Response), at 7.  St. John's also objected to the

word "benefits" as vague.  Id.

St. John's relevance objection is overruled.  The salary increases for dieticians after Meyer's termination is relevant for discovery purposes to the issue of damages in the form of lost wages.  The vagueness objection is also overruled.  The word "applicable" is not in Document Request 21.  The word "benefits" in context is clear and refers to fringe benefits provided to employees as part of their compensation.

The Court directs St. John's to search once more for responsive documents.  The Court is skeptical that St. John's does not maintain any documentation of any kind regarding periodic merit salary increases, periodic salary alignment adjustments, or fringe benefits provided to employees.  St. John's is directed to provide any responsive documents or certify under oath that no such documents exist by January 8, 2017.

<u>INTERROGATORY 9</u>

Interrogatory 9 asked for the following:

> "Identify" each dietitian at St. John's Springfield, IL between 4/1/2010 - 12/31/2014 who told Defendant that he or she was disabled or who Defendant identified as being disabled. For each such person, state the nature of the disability and what accommodations Defendant has provided this employee, if any.

Supplemental Interrogatory Response, at 3.  Dish responded:

**ANSWER:**

Defendant objects to this interrogatory because it is overly broad, unduly burdensome, unlikely to lead to the discovery of admissible evidence, and seeks information that Defendant does not track. Defendant further objects to this interrogatory as it seeks disclosure of confidential personnel information regarding persons who are not parties to this lawsuit. Without waiving or prejudicing these objections in whole or in part, there were two dieticians during this time period who requested accommodations:

L___ R___ requested and was given an ergonomically correct computer and computer stand due to neck issues;

E___S___ requested and was given a special receiver for her phone due to serious hearing issues.

Id. (names blanked out in copies filed in court).  St. John's answered the

interrogatory.  Meyer complains that St. John's did not provide dates of

employment for the two individuals who received accommodations, but

Meyer did not ask for dates of employment in the interrogatory.  The motion

to compel additional responses to Interrogatory 9 is denied.

DOCUMENT REQUEST 3

Document Request 3 states:

3. Produce all standards of care and communications that governed the charting standards and requirements for St. John's Registered Clinical Dieticians at the Springfield, IL location from June 1, 2012 - December 31, 2014.

Document Response, at 3.  St. John's agreed to produce all responsive

documents.  St. John's states in its response that the responsive document

is a reference book.  St. John's is directed to produce the responsive

documents by January 8, 2017.

Document Request 4

Document Request 4 stated:

4. Produce all performance reviews, clinical performance
appraisals, peer feedback forms for all of St. John's dietician
employees at the Springfield, IL location for the years 2012,
2013 and 2014.

Document  Response, at 3. St. John's responded:

**RESPONSE:**

Defendant objects to this request as vague in its failure to
define "dietician employees" and overly broad in scope.
Defendant further objects to this request as it seeks private
information regarding individuals who are not parties to this
lawsuit and without the entry of a protective order. Without
waiving or prejudicing these objections in whole or in part, see
Plaintiff's personnel reviews, appraisals and peer feedback
forms produced previously, numbered St. John's 143 - 252.

Document Response, at 3.  St. John's supplemented its response as

follows:

**RESPONSE:**

Defendant objects to this request as vague in its failure to
define "dietician employees" and "clinical performance
appraisals", overly broad in scope and seeks private
information regarding individuals who are not parties to this

lawsuit. Defendant further objects to this request as it seeks
information that is irrelevant, immaterial, and not reasonably
calculated to lead to the production of admissible evidence as
none of the other Dieticians are similarly-situated to Plaintiff,
nor were any performance evaluations conducted by Ms.
Stauffer prior to 2014. In fact, evaluations prior to 2013 were
conducted by other Dieticians and in the case of the 2013
reviews, by Michael Lucas who was not a Registered Dietician,
but merely an acting supervisor until he hired a supervisor for
the Dieticians. Additionally, there were no peer feedback forms
completed in 2012, 2013, and 2014. Defendant could find no
documents titled "clinical performance appraisals". Without
waiving or prejudicing these objections in whole or in part, see
Plaintiff s performance reviews, appraisals and peer feedback
forms produced previously, numbered St. John's 143 - 252 and
similar documents for Karen Morton produced previously,
numbered St. John's 679 - 690. Defendant will produce the
2014 performance reviews for all Clinical Dieticians.
Investigation continues.

Second Supplemental Document Response, at 2-3.  St. John's objections

are overruled to the extent that St. John's is directed to produce by January

8, 2017, the performance reviews for all Clinical Dieticians for 2012, 2013,

and 2014.  Such documents may lead to admissible evidence, and so are

relevant for discovery purposes.  Meyer is entitled to discover the

documents to see if any evidence exists to indicate that other employees

were similarly situated.  The three-year time frame is also reasonably

limited to minimize the burden on St. John's and is proportional to the

needs of the case.  See Fed. R. Civ. P. 26(b).

DOCUMENT REQUEST 6

Document Request 6 stated:

> 6. Produce the result for each Registered Clinical Dietitian's Chart Audit (or Medical Record Documentation Worksheet(s)) that Ms. Stauffer administered in June or July 2014.

Document Response, at 3.  St. John's responded:

**RESPONSE:**

> Defendant objects to this request as it seeks disclosure of private and medical information regarding individuals who are not parties to this lawsuit. Defendant further objects to this request as it is overly broad in scope and seeks information that is irrelevant, immaterial and not reasonably calculated to lead to the production of admissible evidence. Without waiving or prejudicing these objections in whole or in part, see relevant documents enclosed herein, numbered St. John's 671-678. Answering further, no other chart audits were retained at the time of the audits as all other Registered Dieticians received passing scores.

Id.  St. John's states that it produced all the chart audits in its possession.

The request to compel additional production to Document Request 6 is

denied.

DOCUMENT REQUEST 7

Document Request 7 stated:

> 7.    Produce the standards of care, expectations, rubric, and scoring guide applicable to the Chart Audit (or Medical Record Documentation Worksheet(s)) that Ms. Stauffer administered in June or July 2014.

Document Response, at 4.  St. John's responded:

**RESPONSE:**

       Defendant objects to this request as unduly vague in its failure to define "standards of care" and "expectations." Defendant further objects to this request as overly broad in scope and unduly burdensome. The broad scope of this request conceivably includes documents that apply to Clinical Dietitians that are not in the control or custody of the Defendant, such as policies governed by the American Dietetic Association, the Illinois Division  of Professional Regulations, and Sodexco, Inc.  Without waiving or prejudicing these objections in whole or in part, Defendant will produce responsive St. John's documents. Investigation continues.

Id.  See also Second Supplemental Document Response, at 4.  St. John's says that the chart audit forms belonged to an outside contractor who employed Meyer's supervisor, Sodexco, Inc., and St. John's did not have any responsive documents.  If St John's has not already done so, it is directed to certify under oath it does not have any documents responsive to this request on or before January 8, 2017.

DOCUMENT REQUEST 8

Document Request 8 stated:

8.      Produce the portions of the medical record that Ms. Stauffer reviewed to complete her Chart Audit (or Medical Record Documentation Worksheet(s)) on Plaintiff in June or July 2014.

Document Response, at 5.  St. John's responded:

**RESPONSE:**

Defendant objects to this request as it seeks disclosure of private and medical information regarding individuals who are not parties to this lawsuit and without the entry of a protective order. Without waiving or prejudicing these objections in whole or in part, Defendant will produce responsive documents upon the entry of a protective order.

Id.  St. John's supplemented its response:

**RESPONSE:**

Defendant objects to this request as it seeks disclosure of private and medical information regarding individuals who are not parties to this lawsuit. Without waiving or prejudicing these objections in whole or in part, Defendant will produce all portions of the medical records that Ms. Stauffer reviewed but is still investigating what portions of the medical records were in fact relied upon. Investigation continues.

Second Supplemental Document Response, at 4.  St. John's produced some responsive records.  The records produced for Account #: Y00001345996 did not include a section called a LIVE DISCHARGE SUMMARY.  The records produced for other accounts included this section.  St. John's is directed to produce by January 8, 2017, the LIVE DISCHARGE SUMMARY for Account #: Y00001345996 for the patient's June and July 2014 hospital visit.

DOCUMENT REQUESTS 9 AND 11

These requests asked for medical records related to the Chart Audit

for Karen Morton:

> 9.  Produce the portions of the medical record Ms. Stauffer reviewed to complete her Chart Audit (or Medical Record Documentation Worksheet(s)) on Karen Morton in June or July 2014.

> . . . .

> 11. From medical records that were the subject of Ms. Stauffer Chart Audit (or Medical Record Documentation Worksheet(s)) on Karen Morton, produce the following parts from the medical record from June 1, 2014 through July 31, 2014:  History and  physical, Progress Notes, Nursing Assessments regarding edema and skin status, labs, meal intake notes, all information related to nutrition assessments/diagnoses, education nutrition records, dietitian nutrition assessments, dietitian calorie count, and nutrition screenings.

Document Response, at 6.  St. John's objected, but stated that it would

produce responsive documents.  Id.  See Second Supplemental Response,

at 2-3.  St. John's states that it is working to identify the responsive portions

of the medical records requests.  St. John's is directed to produce the

responsive documents by January 8, 2017.

DOCUMENT REQUEST 12

Document Request 12 stated:

12. Produce all communications to or from Ms. Stauffer or among her staff about or referring to the June or July 2014 Chart Audit (or Medical Record Documentation Worksheet(s)).

Document Response, at 6.

**RESPONSE:**

Defendant objects to this request as it is unduly burdensome to the extent that it seeks all communications among the staff regarding the chart audits. Defendant further objects to this request as it is seeking information that is irrelevant, immaterial, and not reasonably calculated to lead to the production of admissible evidence. Without waiving or prejudicing these objections in whole or in part, see document produced herein, numbered St. John's 390. Investigation continues.

Id. St. John's added in its supplemental responses that no responsive documents exist other than document numbered 390 referenced in the response. St. John's objections are overruled. The request is not unduly burdensome and the documents sought are relevant and proportional. See Fed. R. Civ. P. 26(b). Meyer is entitled to discover communications to or from her supervisor, Ms. Stauffer, related to the June or July 2014 Chart Audit to see if the documents contain any relevant information.

St. John's response to the Motion is ambiguous. St. John's states, in part, "As stated earlier, no other dieticians are similarly-situated to Plaintiff. For purposes of responding to discovery, Defendant also provided

electronic communications to and from Karen Morton.  Defendant has not located any other responsive documents."  Response, at 8.  The response may be read to mean that St. John's did not produce any communications related to other dieticians because St. John's takes the position that the other dieticians are not similarly situated, and so, the documents are not responsive.  If so, this interpretation of the document request is incorrect. St. John's must produce all communications to or from Ms. Stauffer and her staff regarding the June or July 2014 Chart Audit or Medical Record Documentation Worksheets for all dieticians regardless of whether the communications concern Meyer, Morton, or any other dietician.  Meyer is entitled to discover this information to determine if other dieticians are similarly situated. The communications may also lead to evidence relevant to other issues such as intent.  St. John's is directed to produce all responsive documents or to certify under oath that it has no additional documents in by January 8, 2017.

DOCUMENT REQUEST 13

Document Request 13 stated:

13.    Produce all documents describing, discussing, or reflecting communication with Karen Morton or about Karen Morton on the following topics from September 1, 2013 - December 31, 2014:

  a. Performance;
  b. Discipline;

c. Chart Audits;
d. Knowledge or Skills;
e. Quality or Quantity of Work;
f.  Chart Expectations;
g. How Ms. Morton Charted;
h. Performance Action Plans; and
i. Termination.

Document Response, at 5.  St. John's responded:

**RESPONSE:**

Defendant objects to this request to the extent that it seeks disclosure of information protected by attorney-client privilege and work-product doctrine. Defendant further objects to this request as it is requesting information from an individual who is not a party to this lawsuit. Without waiving or prejudicing these objections in whole or in part, Defendant will produce responsive documents upon the entry of a protective order.

Document Response, at 7.  St. John's later produced some documents.  St. John's stated that it would produce, "Morton's chart audit that was part of her performance improvement plan. Defendant has not located any other responsive documents.  Investigation continues."  Second Supplemental Response, at 6.  St. John's is directed to produce by January 8, 2017, all additional responsive documents, including "the chart audit that was part of her performance improvement plan."

DOCUMENT REQUEST 14

Document Request 14 stated:

14.    Produce all documents describing, discussing, or reflecting communications with Plaintiff or about Plaintiff on the following topics from January 1, 2012 -July 31, 2014:

      a.    Performance;
      b.    Knowledge or skills;
      c.    Quality or Quantity of Work;
      d.    Discipline;
      e.    Charting Expectations;
      f.    How Plaintiff's (sic) Charted;
      g.    Competency;
      h.    Core Values;
      i.    Behavior;
      j.    Attitude;
      k.    Adaptability;
      l.    Attendance;
      m.    Punctuality;
      n.    Reliability; and/or
      o.    Disability.

Document Response, at 7.  St. John's responded:

**RESPONSE:**

Defendant objects to this request as overly broad as it seeks disclosure of documents that are protected by attorney-client privilege and work-product doctrine and unduly vague in its failure to define "How Plaintiff's Charted."  Defendant further objects to this request as overly broad in terms of search terms for any electronically-stored information.  Answering further, Defendant's counsel will continue to work with Plaintiff s counsel to come to an agreement on the necessary scope of such search terms. Without waiving or prejudicing these objections in whole or in part, see documents produced previously, numbered St. John's 143 - 252. Investigation continues.

Document Response, at 8.  St. John's supplemented this response with

additional documents.  Second Supplemental Document Response, at 6.

Meyer asks the Court to direct St. John's to conduct a more thorough email

search.  St. John's responds that Meyer has never suggested specific

search terms to use in an email search.  Counsel for the parties are

directed to agree by December 29, 2016, on search terms to be used in a

search of St. John's email system.  St. John's is directed to complete the

search and produce any additional responsive emails by January 8, 2017.

DOCUMENT REQUESTS 30 AND 31

Document requests 30 and 31 stated:

30.     Produce all communications to or from Ms. Stauffer
regarding actual or proposed construction work at St. John's
that could affect her staff from January 1, 2014 - December 31,
2014 on the following topics: dates of construction work, what
construction work to be done in her staff's office area, location
of her staff s work locations.

31.     Produce all communications to or from Ms. Stauffer from
January 1, 2014 -December 31, 2014 regarding her staff s work
location(s).

Document Response, at 13.  St. John's stated that it would produce the

documents.  St. John's is directed to produce all responsive documents by

January 8, 2017.

St. John's is also directed to produce by January 8, 2017, a privilege log that lists each document withheld on a claim of privilege, that states nature of the claim of privilege for each document, and includes a description of the documents withheld that meets the requirements of Federal Rule of Civil Procedure 26(b)(5)(A).

Meyer asks the Court to require St. John's to certify that all responsive information has been provided.  St. John's has stated that all responsive information has been provided or will be provided.  <u>St. John's Response</u>, at 4.  The Court deems the statement to constitute the requested certification.  The Court will not require more at this time.

THEREFORE, Plaintiff Tiffany Meyer's Motion to Strike Defendant's Objections and Second Motion to Compel Answers to Her First Interrogatories and Second Request for Production of Documents (d/e 30) is ALLOWED in part and DENIED in part.  Plaintiff Meyer's request for a telephonic conference is DENIED because no conference is necessary at this time.

ENTER:  December 19, 2016

<u>_s/ Tom Schanzle-Haskins_</u>
UNITED STATES MAGISTRATE JUDGE