IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| TIFFANY MEYER, f/k/a, TIFFANY CAVARETTO, <br><br> Plaintiff, <br><br> v. <br><br> ST. JOHN'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, <br><br> Defendant. | No. 15-cv-3313 |

## OPINION

THOMAS P. SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Tiffany Meyer's Third Motion to Compel (d/e 35) (Motion). For the reasons set forth below, the Motion is ALLOWED.

## BACKGROUND

Meyer alleges a claim for employment discrimination against Defendant St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis (St. John's). Complaint (d/e 1). On April 24, 2016, Meyer served St. John's with her Second Request for Production of Documents. Request No. 21 made the following request for documents:

21. Produce documents that state the benefits, compensation range, and salary raises available to the Clinical Dietician II position at St. John's Springfield, IL location from January 1, 2013 through the present.

Motion, Exhibit 1, Defendant's Response to Plaintiff's Second Request for Production of Documents, at 10.

In response, St. John's produced documents, including a document entitled "Your HSHS Retirement Program" dated July 2014 (Program Summary). Plaintiff's Supplemental Filing Regarding Her Third Motion to Compel (d/e 42), Exhibit 4, Program Summary. The 12-page program summary sets forth a summary of the retirement programs that were available to certain St. John's employees. The Program Summary contained sufficient information to determine the benefits that qualified employees could receive, and to calculate the benefits. The Program Summary was responsive to Request No. 21.

The last page of the Program Summary included a qualifying proviso:

*This is only a summary of the Hospital Sisters Health System retirement program effective July 1, 2014. Details of all the benefits described in this summary are found in the official plan documents. The information here is subject to those official documents, which will control in the event of any conflict, difference or error. HSHS reserves the right to change or terminate any of the retirement program benefits in the future.*

Program Summary, at 11. Based on this proviso, Meyer asks the Court to compel St. John's to produce the official plan documents (Official Plan) so

that she can compare the two and see if any additional relevant information exists in the Official Plan. St. John's states that the Plan Summary provides sufficient information concerning the compensation information sought by Request No. 21 and objects to producing the Official Plan as being overly broad and unduly burdensome.

The scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The question is whether requiring St. John's to produce the Official Plan in addition to the Plan Summary is proportional to the needs of the case. If the Official Plan is produced, Meyer can confirm whether the Program Summary is accurate. St. John's, however, must incur the cost of making the Official Plan available for inspection and copying. St. John's has not proven the cost of producing the Official Plan. On balance, the Court finds requiring St. John's to produce the Official Plan is proportional to the needs of the case. Meyer should be able to see the Official Plan to confirm the accuracy of the Plan Summary.

The Court determines that St. John's is not required to pay any of Meyer's fees or expenses incurred in filing the Motion because St. John's was substantially justified in taking the position that producing the Plan Summary alone was proportional to the needs of the case. Fed. R. Civ. P. 37(a)(5)(A)(ii).

THEREFORE, Plaintiff Tiffany Meyer's Third Motion to Compel (d/e 35) is ALLOWED. Defendant St. John's is directed to make the Official Plan documents referenced in the Program Summary available for inspection and copying by April 14, 2017.

ENTER: March 31, 2017

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE