IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| TIFFANY MEYER, | ) |
| Plaintiff, | ) |
| v. | ) No. 15-3313 |
| ST. JOHN'S HOSPITAL of the HOSPITAL SISTERS of the THIRD ORDER OF ST. FRANCIS, | ) |
| Defendant. | ) |

**OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis's (St. John's) Motion to Strike Plaintiff's Supplemental Expert Disclosure and Plaintiff's Designation of Julie Ulery as an Expert Witness (d/e 38) (Motion 38) and Plaintiff Tiffany Meyer's Motion for Leave to Amend Scheduling Order, or, in the Alternative, Strike the Opinion Testimony of Colleen Stauffer (d/e 41) (Motion 41). For the reasons set forth below, Motion 38 is DENIED and Motion 41 is ALLOWED in part. The Scheduling Order is amended to allow Meyer's late designation of Ulery as an expert witness and to allow St.

John's to designate a responsive expert within 30 days after the deposition of Ulery.

BACKGROUND

St. John's employed Meyer as a dietician. On July 8, 2014, St. John's terminated Meyer's employment. Meyer alleges St. John's fired her because of her disability in violation of the *Americans with Disabilities Act* (ADA), 42 U.S.C. § 12101 et seq. See Complaint (d/e 1). Meyer alleges that she suffers from McCune-Albright Syndrome with Fibrous Dysplasia. Her condition "impairs her ability to walk, stand, and stay in one position for long periods of time." Meyer "uses a wheelchair or crutches and frequently rotates between standing and sitting to avoid pain, muscle fatigue and muscle strain." Complaint, ¶ 11. She alleges St. John's terminated her because she asked for a reasonable accommodation for her limited mobility. See Complaint, ¶ 21.

St. John's told Meyer she was terminated for a lack of clinical competence. The termination notice stated:

> Tiffany, you are being terminated due to lack of clinical competence which poses a risk to patient safety. Also, you do not exhibit the core values of care, competence, respect, and joy.

Motion 41, Exhibit C, <u>Performance Action Plan dated July 8, 2014</u>; see <u>Complaint</u>, ¶ 21. On July 8, 2014, Meyer wrote an email to a friend and co-worker Jacqueline Wilcox which stated, in part,

> So today was pretty crappy. I got fired. No joke.
>
> Colleen said she reviewed my chart audits and found I didn't recommend a low fiber diet for someone with diverticulitis (I put general) and for a home TF pt who was not tolerating her TF, I recommended to continue the same tube-feeding instead of recommending Vital 1.2 for better tolerance, and I also didn't mention the fact that someone had diarrhea through their whole stay. So all that was a "patient safety risk" and I was terminated for lack of clinical competency. No chance to explain myself or review the records. Just fired. No prior inkling that anything was wrong, just straight to firing.

<u>Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend the Scheduling order, or, in the Alternative, Strike Opinion Testimony of Colleen Stauffer (d/e 45) (St. John's Response)</u>, Exhibit 2, Email dated July 8, 2014. The parties refer to the two patients identified in Meyer's email as Patient B and Patient H. The person identified as "Colleen" in the email is Colleen Stauffer, Clinical Nutrition Manager at St. John's. Stauffer was Meyer's supervisor and conducted the audit of the patient charts.

The Scheduling Order required Meyer to disclose experts by November 11, 2016. Meyer disclosed one expert on that date, Wilbur Swearingin, a rehabilitation expert to testify about the alleged failure to

accommodate. St. John's deadline to disclose experts was December 11, 2016. St. John's did not disclose any experts. See Scheduling Order entered March 4, 2016 (d/e 14); St. John's Response, Exhibit 4, Plaintiff's Expert Disclosure.

On March 2, 2017, St. John's deposed Meyer. Meyer testified at her deposition that in her clinical judgment she treated Patient B and Patient H appropriately. St. John's Response, Exhibit 5, Excerpts of Deposition of Tiffany Meyer, at 123-32, 181-85. She specifically testified based on professional clinical judgment,

> Q. So it was your opinion that the care, or that the assessment you had made was appropriate?
>
> A. It was my clinical judgement rather than my opinion.

Id. at 123.

On March 7, 2017, Meyer deposed Stauffer. Stauffer testified that in her clinical judgment Meyer's treatment decisions were not competent and put Patient H at risk of serious harm or death. Stauffer testimony's included opinions regarding the propriety of prescribing certain feeding tube formulas known as Jevity and Vital to Patient B and Patient H. Motion 41, Exhibit A, Excerpts of Deposition of Colleen Stauffer, at 194-95, 208-09, 234, 236,266-71.

Meyer noticed the deposition of Julie Ulery (f/k/a Julie Morrison) for March 13, 2017. Ulery was a former dietician manager at St. John's. Meyer disclosed Ulery as a fact witness. See St. John's Response, Exhibit 3, Plaintiff's Initial Disclosures; and Exhibit 6, Notice of Deposition of Julie Ulery dated February 17, 2017.

On March 8, 2017, Meyer served an amended notice of deposition, postponing the deposition of Ulery to March 28, 2017. On March 22, 2017, Meyer served St. John's with Plaintiff's Supplemental Expert Disclosure (Supplemental Disclosure). The Supplemental Disclosure listed Ulery as an expert witness. The Supplemental Disclosure stated:

> Ms. Ulery will provide opinions on the physician/dietitian relationship, the roles of dietitians and physicians as members of the medical care team, and the circumstances under which dieticians make recommendations for levity formula, Vital formula, and a general diet to patients and the propriety of such recommendations.

St. John's Response, Exhibit 8, Supplemental Disclosure.

On March 24, 2017, St. John's filed Motion 38 seeking to strike Meyer's supplemental disclosure and designation of July Ulery. Later that day, Meyer served St. John's with Plaintiff's Second Supplemental Expert Disclosure (Second Supplemental Disclosure). The Second Supplemental Disclosure stated:

> Ms. Ulery will provide opinions on the following subjects: physician/dietitian relationship, the roles of dietitians and physicians as members of the medical care team, and the circumstances under which dieticians make recommendations for Jevity formula, Vital formula, and a general diet to patients and the propriety of such recommendations.
>
> In response to Collen Stauffer's opinions made on March 7, 2017, Ms. Ulery will opine that doctors cannot legally give responsibility of care to dieticians, that jevity is a widely appropriate tube feeding formula to provide, that recommending the wrong diet very rarely causes death or medical emergencies, that recommending a general diet to a patient with malnutrition who isn't eating well despite other medical conditions can be appropriate, and that recommending a patient's home regime diet for a patient who had been NPO can be appropriate.

St. John's Response, Exhibit 9, Second Supplemental Disclosure.

St. John's also asked the Court to stay Ulery's deposition pending resolution of Motion 38. The Court granted that Motion. Text Order entered March 24, 2017.

In response to Motion 38, Meyer moved to amend the Scheduling Order to allow Supplemental and Second Supplemental Disclosures, or in the alternative, to strike Stauffer's testimony regarding her clinical judgment as improper, undisclosed expert testimony.

## ANALYSIS

Meyer failed to disclose Ulery as an expert witness within the time allowed by the Scheduling Order. Timely disclosure of expert witnesses is

required by Rule 26(a). Fed. R. Civ. P. 26(a)(2)(D). Meyer, therefore, may not use Ulery as an expert witness unless her untimely disclosure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Meyer argues that her disclosure of Ulery was timely because Ulery was a rebuttal witness. A party may disclose evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)((D)(ii). Rules 26(a)(2) (B) and (C) require disclosures for expert testimony by compensated and uncompensated experts. St. John's made no such disclosures regarding Stauffer. Rule 26(a)(D)(ii), therefore, does not apply. Meyer must show that the late disclosure was substantially justified or harmless.

Meyer states the late disclosure of Ulery was substantially justified because St. John's did not disclose that Meyer was going to offer expert opinions based on her clinical judgment about Meyer's treatment of Patient B and Patient H. Meyer argues that she did not know Stauffer would offer this testimony until Stauffer's deposition. St. John 's counters that Meyer knew that her treatment of Patient B and Patient H was the stated basis for her termination. Meyer knew that Stauffer's credibility on the basis for Meyer's termination would be a central issue in the case.

The Court agrees with St. John's. Meyer's counsel clearly knew that a central issue in the case will be whether Stauffer truly believed that Meyer's treatment of Patient B and Patient H showed a lack of clinical competence. Meyer will have the burden under the McDonnell-Douglas indirect method of proof at summary judgment to present evidence that St. John's stated reason for firing her was a pretext, that is, a lie. See Hooper v. Proctor Health Care, Inc., 804 F.3d 846, 853 (7th Cir. 2015); Faas v. Sears, Roebuck & Co., 532 F.3d 633, 642 (7th Cir. 2008). Evidence of pretext may also be circumstantial evidence under the McDonnell-Douglas direct method. See Hooper, 804 F.3d at 853. At trial, Meyer must prove that she was discharged on the basis of her disability. See 42 U.S.C. § 12112(a); Silk v. Board of Trustees Moraine Valley Community College District No. 524, 795 F.3d 698, 705-07 (7th Cir. 2015). Meyer's burden at either stage of the case will very likely put at issue whether St. John's personnel truly fired her because of her treatment of Patients B and H. Meyer's burden at either phase of the case will put Stauffer's credibility at issue.

Proving Stauffer lied when she stated that Meyer's treatment of Patient B and Patient H showed a lack of clinical competence will likely involve presenting evidence that Meyer's treatment of Patient B and Patient

H was competent. Proving that a health care professional provided competent care is likely going to require expert testimony unless the circumstances were such that a lay person could evaluate the quality of care. See e.g., Coleman v. Wiencek, 2010 WL 1193715, at *2 (N.D. Ill 2010). The particular circumstances here concern the feeding tube formula Meyer selected for these patients. The appropriate choice of a particular feeding tube formula is a technical matter that may require an expert. Meyer's attorneys are highly qualified employment discrimination attorneys. They knew that they might need expert testimony. They decided to wait until after Stauffer's deposition to disclose their plans. Under these circumstances, the late disclosure was not substantially justified.

St. John's indicates that the late disclosure would be harmless if St. John's had the opportunity to disclose its own outside expert on the issue of whether Meyer's treatment of Patient B and Patient H showed a lack of clinical competence, as well as the other issues identified in Meyer's Second Supplemental Disclosure. See St. John's Response, at 8-9. The Court agrees. The Court, therefore, will allow Meyer's request to amend the Scheduling Order to allow the late disclosure of Ulery as an expert witness. The Court will further amend the Scheduling Order to allow St.

John's the opportunity to disclose its own expert on the matters on which Ulery will provide expert testimony.

Meyer also moves the Court, in the alternative, to strike Stauffer's deposition testimony that constituted expert opinions because St. John's did not disclose Stauffer as an expert. St. John's counters that Meyer also gave similar opinion testimony based on her clinical judgment. Regardless, the Court will not strike any deposition testimony at the discovery phase of this proceeding. This testimony may be relevant for discovery purposes regardless of whether the testimony may be admissible for purposes of summary judgment or at trial. The Court further makes no findings about the admissibility of any portion either Stauffer or Meyer's testimony at this time. The parties may challenge admissibility before the District Court at the appropriate time. The testimony will not be stricken at the discovery phase.

THEREFORE, Defendant's Motion to Strike Plaintiff's Supplemental Expert Disclosure and Plaintiff's Designation of Julie Ulery as an Expert Witness (d/e 38) (Motion 38) is DENIED, and Plaintiff Tiffany Meyer's Motion for Leave to Amend Scheduling Order, or, in the Alternative, Strike the Opinion Testimony of Colleen Stauffer (d/e 41) (Motion 41) is ALLOWED In part and DENIED in part.

The Court hereby amends the Scheduling Order as follows. The Court allows Plaintiff's Supplemental Disclosure and Second Supplemental Disclosure of Julie Ulery as an expert witness to offer expert testimony on the matters described therein. The parties shall conduct the deposition of Julie Ulery on or before May 15, 2017. St. John's shall have until June 15, 2017, to disclose an expert to testify on the matters related to the matters described in the Second Supplemental Disclosure and any additional expert opinions to which Ulery testifies at her deposition. Meyer shall have until July 15, 2017, to depose such expert. Existing discovery deadlines shall remain in effect for all other discovery. The deadline for filing dispositive motions is extended to August 15, 2017. The pretrial conference set for October 30, 2017 is canceled and reset on November 27, 2017 at 2:00 p.m. in Courtroom 1 in Springfield, Illinois, before U.S. District Judge Sue E. Myerscough. The jury trial set for November 14, 2017 is canceled and reset December 12, 2017 at 9:00 a.m. before Judge Myerscough.

Meyer's alternative request to strike the testimony of Meyer at the discovery stage is DENIED.

ENTER: April 19, 2017

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE